**SAWYER et al. v. PASKOFF et al.**

**SAME v. PEISAKOFF et al.**

**Civ. Nos. 2697, 2715.**

District Court, W. D. Pennsylvania.

Oct. 29, 1947.

Doctor Neilson, Pathologist. This evidence, although contradicted by witnesses of defendants, raised a substantial issue of fact for the jury's determination. The other reasons assigned are without merit.

The motions for a new trial should be refused.

Edward R. Lawrence, of Pittsburgh, Pa., for plaintiffs.

Harvey A. Miller, of Pittsburgh, Pa., for defendants.

McVICAR, District Judge.

These two actions were originally brought before the Secretary of Agriculture of the United States under what is known as the Perishable Agricultural Commodities Act of 1930, 7 U.S.C.A. § 499a et seq. From his decision an appeal was taken to this Court in both cases.

After the first trial here, the jury rendered a verdict in favor of the plaintiff in each case. Motions for a new trial were granted. On second trial, the jury returned a verdict in favor of the plaintiff in each case and each case is now before us on defendants' motions for a new trial. A number of reasons are assigned.

At the oral argument defendants contended that they should have requested binding instructions in their favor at the trial, on the ground that there was no evidence of defendants' liability to submit to the jury. This contention cannot be sustained.

The plaintiff in each case made an oral contract by which defendant sold to plaintiff, in one case, 17 cars of potatoes and in the other case, 3 cars of potatoes. The contract specified that the potatoes should be United States Grade No. 1 Irish potatoes at point of shipment, Bellcross, N. C. There was evidence of plaintiffs' compliance with his contract from the certificates of the U. S. Government Inspectors, which, under the Act, is made prima facie evidence. There was also evidence to support plaintiffs' performance of their contracts from the plaintiffs themselves, from the County Farm Agent Thomas M. Carr and also from